```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

LEELAND F. GRAY, et al.,      :
                              :
     Plaintiffs,              :
                              :
     v.                       :    CASE NO.  3:12cv166(RNC)
                              :
TOWN OF EASTON, et al.,       :
                              :
     Defendants.              :
```

RULING ON MOTIONS TO QUASH

The plaintiffs, Leeland Gray, Kirsten Gray, 145 Eden Hill Road, LLC, Deutsch American Partners, Ltd., and Gray Friesian Farm, LLC bring this action against the Town of Easton, the Town's Planning and Zoning Commission, the members of the Commission and the Zoning Enforcement Officer. The plaintiffs allege that the defendants selectively enforced the Town's zoning regulations in violation of their right to Equal Protection under the Fourteenth Amendment.[1]  The plaintiffs assert that the defendants required them to comply with the zoning regulations, specifically § 7.4, but did not require the same of others who were similarly situated.  To obtain information regarding those whom the plaintiffs allege are similarly situated, the plaintiffs served subpoenas for their

---

[1] The plaintiffs assert their Equal Protection claim under two theories: (1) a selective enforcement theory; see Harlen Associates v. Incorporated Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001) and (2) a class of one theory; see Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam) and Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006).

depositions and for the production of documents.[2]  The nonparties moved to quash the subpoenas.  Pending before the court are the motions to quash filed by Charlotte Stichter (doc. #41), Justine Hahn (doc. #44), Charlotte Sharp (doc. #47) and Leann Enos (Doc. #50).  Nonparty Eden Farm filed an objection (doc. #45) to the subpoena, which the plaintiffs and the court construe as a motion to quash.  The court has carefully considered the arguments made by counsel during oral argument and in their written submissions.

The nonparties first argue that the plaintiffs' subpoenas should be quashed because the document requests are not relevant to the plaintiffs' case.  A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. R. 26(b)(1).  The information need not be admissible at trial; it need only be reasonably calculated to lead to the discovery of admissible evidence.  Id.  "Although a subpoena may be quashed if it calls for clearly irrelevant matter, the district judge need not pass on the admissibility of the documents sought in advance of trial nor quash a subpoena demanding their production if there is any ground on which they might be relevant."  Weinstein v. University of Connecticut, No. 3:11CV1906(WWE), 2012 WL 3443340, at *3 (D. Conn. Aug. 15, 2012).  The "scope of permissible discovery is clearly quite broad."  Id.  The

---

[2] The production requests served on the nonparties are the same.

nonparties' relevance objection is overruled.  The information sought is relevant to the plaintiffs' claim that they were intentionally treated differently from others similarly situated. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (Class-of-one equal protection claims require a plaintiff to prove that "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."); Harlen Associates v. Incorporated Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001)("To prevail on a claim of selective enforcement, plaintiffs in this Circuit traditionally have been required to show both (1) that they were treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person."); Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006) ("class-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves").

   The nonparties next argue that the subpoenas should be quashed because compliance would be unduly burdensome.  Rule 45(c)(3) of the Federal Rules of Civil Procedure provides that a court "shall" quash or modify a subpoena if the subpoena "subjects a person to undue burden."  Fed. R. Civ. P. 45(c)(3)(A)(iv).  "[T]he burden to

show undue burden rests on the witness who seeks to quash or modify the subpoena." 9 James Wm. Moore et al., Moore's ¶ 45.66 (3d ed. 2012). See Travelers Indem. Co. v. Metropolitan Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005) ("The burden of persuasion in a motion to quash a subpoena is borne by the movant.")  "The Court's evaluation of undue burden requires weighing the burden to the subpoenaed party against the value of information to the serving party." Jackson v. AFSCME Local 196, 246 F.R.D. 410, 412 (D. Conn. 2007).  "Whether a subpoena imposes an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Id.  "The determination of issues of burden and reasonableness is committed to the sound discretion of the trial court."  Travelers Indem. Co., 228 F.R.D. at 114.

   The nonparties make no showing as to the nature and extent of the actual burden they would face in responding to the plaintiffs' requests; rather they argue that the requests are unduly burdensome because they are not parties to the case and the requests are not relevant. As to the first point, the Federal Rules of Civil Procedure specifically allow a party to obtain third-party discovery.  As to the second point, the categories of documents seek information regarding the nonparties' horse activities, which as previously indicated, are of evident importance to the

4

underlying action.  Moreover, the court has no evidence of the quantity of documents sought.  On the record before the court, the nonparties have not met their burden of showing undue burden.  See Retractable Technologies, Inc. v. International Retractable Technologies, No. 3:11mc28, 2011 WL 3555848, at *3 (W.D. Va. Aug. 11, 2011) (court overruled nonparty's burdensomeness objection where nonparty contended that "subpoena's overbreadth is evident on its face, and that [it] need not provide any additional evidence of the burden it would have to confront if ordered to comply").

The nonparties next contend the subpoenas should be quashed because they seek information regarding a term that is not used in the zoning regulation at issue.  They contend that it is "unduly burdensome for a non-party witness to be demanded to appear at a deposition when it is testifying and producing documents based upon a definition that does not exist."  (Doc. #41 at 7.)  This objection is overruled:  the plaintiffs clearly define the term at issue in the subpoena.

The nonparties also argue that the subpoenas should be quashed because they seek confidential information, including financial records and tax returns. Generally, "tax returns and other information regarding income are discoverable if relevant to the issues in a lawsuit." Yancey v. Hooten, 180 F.R.D. 203, 215 (D.Conn. 1998).  Nonetheless, the court recognizes the interest in protecting the confidentiality of financial information even if

some of it is relevant.  Id.  Some decisions of this court, indeed, have imposed an even higher standard for the production of tax returns.  See, e.g., Gattegno v. Pricewaterhousecoopers, LLP, 205 F.R.D. 70, 73 (D. Conn. 2001)(tax return is discoverable only if: "(1) it clearly appears they are relevant to the subject matter of the action or to the issues raised thereunder, and (2) there is a compelling need therefor because the information contained therein is not otherwise readily obtainable").  The nonparties' objection is sustained in part.  During oral argument, plaintiffs clarified that they seek only revenue from commercial horse activities and only want tax information if they cannot obtain that information from other sources.  Under these circumstances, plaintiffs should first pursue the requested revenue information from other sources.  The information may be produced pursuant to a stipulated protective order to protect confidential and private information from public disclosure and from use for any purpose other than prosecuting the above-captioned action.[3]

Finally, the nonparties argue that the plaintiffs should be required to seek information from the defendants before resorting to nonparty discovery.  "If the material sought by subpoena is readily available, either from a party to the action or from a public source, obtaining it through subpoena on a nonparty often

---

[3]Plaintiffs indicate that a protective order is in place already. (Doc. #27.)

will create an undue burden. The mere availability of the documents from another source, however, does not preclude a subpoena directed to a nonparty if the party serving the subpoena can show that it is more expeditious to obtain the documents from the witness." 9 James Wm. Moore et al., Moore's ¶ 45.66 (3d ed. 2012). There has been no showing that the requested information is available from the defendants.

The motions to quash (doc. #41, 44, 45, 47 and 50) are denied. Plaintiffs represented during oral argument that they would be flexible and accommodating as to the production requests and would seek to minimize the intrusion as to the nonparties. Counsel are encouraged to work together to achieve this goal.

SO ORDERED at Hartford, Connecticut this 29th day of May, 2013.

```
           /s/
Donna F. Martinez
United States Magistrate Judge
```